UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY DEFENDERS FUND,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>*Defendant*. | Civil Action No. 26-1935 (SLS)<br>Judge Sparkle L. Sooknanan |

**First Joint Status Report**

Pursuant to the Court's Order of August 24, 2026 (ECF No. 14), Defendant Federal Bureau of Investigation ("FBI" or "Defendant") and Plaintiff Democracy Defenders Fund ("DDF" or "Plaintiff"), file this Joint Status Report in this Freedom of Information Act ("FOIA") case.

**(1) Status of the Plaintiff's FOIA request**

**Defendant states the following:**

As noted in the Amended Complaint, ¶ 23, Plaintiff submitted a FOIA request for eleven categories of records. See Appendix (Underlying FOIA Request). The FBI determined that Plaintiff's eleven categories could be consolidated into eight separate FOIA requests for efficient processing. Searches are complete and have returned potentially responsive records for two of the requests; three requests have complete searches returning no responsive records; and three searches remain ongoing.

• **Request No. 1725011-000** (Parts 1 and 2 of the underlying FOIA request, Travel to Italy in February 2026): Search in progress.

• **Request No. 1726894-000** (Part 3, Forms Prepared by or for Director Patel Regarding Travel and Leave): Search in progress.

• **Request No. 1726953-000** (Part 4, Briefing Books or Advance Materials Prepared for Director Patel's meetings with Specific People): Search complete; no responsive records were located.

• **Request No. 1726982-000** (Part 5, Ethics Advice, Determinations, and Authorizations regarding Gifts in Connection with Trip to 2026 Winter Olympics): Search complete; no responsive records were located.

• **Request No. 1727123-000** (Part 6, Office of Integrity and Compliance / DOJ Ethics Records Concerning Locker Room Appearance and Official Use of Social Media Relating to the 2026 Winter Olympics): Search complete; no responsive records were located.

• **Request No. 1727145-000** (Parts 7 & 8, Travel Reimbursement for Trip to 2026 Winter Olympics): Search complete; approximately 15 potentially responsive pages were located.

• **Request No. 1727170-000** (Part 9, Communications Regarding February 2026 Trip to Italy): Search in progress.

• **Request No. 1727418-000** (Part 11, Communications Between Director Patel and Specific Individuals): Search complete; approximately 2,117 potentially responsive pages were located.

Regarding Part 10 (Direct messages to/from X accounts @WilliamsonBen or @FBIDirectorKash from Feb. 16–23, 2026), Defendant denies that this is a proper FOIA request. Defendant asserts that these accounts are personal/private X.com accounts rather than official FBI channels; any responsive records reside on private servers outside the agency's custody or control and are not agency records subject to FOIA.

Defendant tentatively anticipates that all searches will be complete within the next 60 days.

**Plaintiff states the following:**

Plaintiff does not object to Defendant's administrative reorganization, so long as it does not alter the substantive scope of Plaintiff's request. To avoid any ambiguity, Plaintiff requests that Defendant confirm that its revised categories encompass the entirety of the records Plaintiff requested in each category of Plaintiff's original request and that Defendant will conduct searches reasonably calculated to locate all records responsive to those categories. To the extent Defendant

interprets any of the original categories as falling outside the scope of its revised categories, Plaintiff requests that Defendant identify those exclusions and include a *Vaughn* index with explanations for the excluded records.

Regarding Defendant's assertion that "three requests have complete searches returning no responsive records[,]" Plaintiff disputes the agency's "no records" determination and preserves the right to challenge this determination in future motions.

Regarding Defendant's response to "Part 10 (Direct messages to/from X accounts @WilliamsonBen or @FBIDirectorKash from Feb. 16–23, 2026)" and Defendant's assertion that these accounts are private and not agency records, Plaintiff disputes Defendant's assertion. Director Patel's X handle/username is "FBI Director Kash," and the description of the account on X is "Director of the Federal Bureau of Investigation, #9." Ben Williamson's X account identifies him as "Assistant Director for Public Affairs at the FBI @FBIDirectorKash | Former Deputy Asst to President Trump, White House spox, 2x Capitol Hill chief." Further, both accounts are regularly used to disseminate agency business to the public. Social media posts and communications that are used for official functions by agency leadership are "agency records" under FOIA. An agency cannot deprive citizens of their right to know what it is doing by hosting official records on a non-governmental domain or private account. *Competitive Enterprise Institute v. Office of Science and Technology Policy*, 827 F.3d 145 (D.C. Cir. 2016).

Moreover, the Federal Records Act (FRA) and regulations of the National Archives and Records Administration subject electronic records created in the course of an officer or employee's official duties to the same record keeping and preservation obligations as other government records. The FRA prohibits an officer or employee of an executive agency from creating or sending a record using a non-official electronic messaging account unless the officer or employee (1)

copies an official electronic messaging account of the officer or employee in the original creation or transmission of the record; or (2) forwards a complete copy of the record to an official electronic messaging account of the officer or employee not later than 20 days after the original creation or transmission of the record. 44 USC § 2911; *see also* 44 USC 2912 (requiring the Archivist to promulgate regulations governing Federal agency preservation of electronic messages that are determined to be records); 36 C.F.R. § 1222.26(b) ("Agencies must capture, manage, and preserve electronic records with appropriate metadata and must be able to access and retrieve electronic records, including electronic messages, through electronic searches."), 1222.34 (listing requirements for agency records maintenance programs). As a result, Defendant is required to maintain any official communications made by Kash Patel and Ben Williamson in their official capacity over electronic messaging servers, including social media, in accordance with the FRA and make these communications available as agency records under the FOIA.

**(2) Anticipated number of records responsive to the Plaintiff's FOIA request**

**Defendant states the following**:

To date, Defendant has located approximately 2,132 potentially responsive pages of records. As searches remain ongoing for three requests, Defendant cannot at this time anticipate the total number of records potentially responsive to Plaintiff's FOIA request, but will update the Court in a Status Report once all searches are completed and documents have been scoped for responsiveness.

**Plaintiff states the following:**

Defendant has identified 2,132 potentially responsive pages of records, has stated the earliest initial production date would be December 31, 2026, and proposes filing a Status Report "once all searches are completed and documents have been scoped for responsiveness." Plaintiff

requests that the Court set a date within the next 30-45 days within which Defendant will file a Status Report updating the Court and Plaintiff on its progress.

**(3) Anticipated date (month and year) for the release of the requested documents**

**Defendant states the following:**

Defendant states an estimated date for the first release of documents will be provided once all searches are complete and documents have been scoped for responsiveness. However, Defendant notes that all potentially responsive records require review by the Director's Office and relevant subject matter experts, which require additional lead time to accommodate operational schedules. At the earliest, Defendant anticipates a December 31, 2026 initial production date, with rolling productions thereafter at a rate of 250 pages per month, which aligns with the FBI's standard interim release policy ("IRP") that it instituted in July 2024. The FBI takes seriously its obligations under the FOIA, and the standard IRP is designed to enable the FBI to equitably respond to all requesters as quickly as possible. Operationally, the FBI has one of the largest and most complex FOIPA programs in the federal government, reviewing approximately 1.3 million pages annually for dissemination to the public. Release of documents is not simply a function of identifying potentially responsive documents; the review and processing of these documents—*e.g.* to determine responsiveness, to evaluate and redact information exempt from disclosure, to consult subject matter experts to identify other government agencies' equities, and consult or refer documents to other stakeholders if necessary—is a complex and time-consuming undertaking. The processing schedule provides for the steady release of each requester's documents in a fair and equitable way, to ensure the right of access for all FOIA requesters. Defendant notes Plaintiff's original request for expedited processing pursuant to 28 C.F.R. §16.5(e)(1)(ii) and (iv) was denied,

as Plaintiff did not provide enough information concerning the statutory requirement for expedition.

Furthermore, Defendants note that a "request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The purpose of a Status Report is to apprise the Court of progress in this litigation; Status Reports are not a substitute for requesting relief by motion. To the extent Plaintiff's Section contains requests for orders from the Court or other relief, these should be denied as not having been made by motion; if Plaintiff seeks orders from the Court, Plaintiff should file motions, which Defendant will then have a fair opportunity to oppose.

**Plaintiff states the following:**

In Plaintiff's original FOIA request, filed February 27, 2026, Plaintiff included a request for expedited processing because there is a strong urgency to inform the public about Director Patel's use of taxpayer funds to travel to Italy in February 2026 to attend the Olympics. The agency has not justified this costly travel or explained the official law enforcement purpose served by Director Patel's presence at the Olympics despite the trip receiving substantial public attention, including renewed attention following the FBI's release of documents in *Democracy Defenders Fund v. U.S. Dep't of* Justice, Case No. 1:25-cv-02791 (D.D.C. Aug. 21, 2025), which raised questions concerning apparent misuse of FBI resources. That urgency still exists. Defendant has not produced a single record in over seven months and now states that December 31, 2026, is the earliest it can release its first production of records. Accordingly, Plaintiff proposes that Defendant's rolling productions should be at a rate of 500 pages per month and that Defendant set a date certain for the first of those productions as opposed to "the earliest" "initial production date" possible. Plaintiff respectfully requests that the Court set Defendant's processing rate at 500 pages per month and set a date certain for Defendant's initial production.

Regarding Defendant's argument that Plaintiff's requests must be made by motion, courts routinely set production schedules, processing rates, and deadlines in FOIA cases without parties having to file motions.[1] Requiring motions for these routine actions would unnecessarily expend the court's time and resources.

**(4) whether a motion for a stay is likely under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976)**

Defendant does not anticipate moving to stay under *Open America* at this time, and believes such a motion is unlikely in the future.

**(5) whether a *Vaughn* index will be required in this case**

**Defendant states the following**:

Defendant states, if the search and processing of Plaintiff's FOIA request results in productions with exemptions, Defendant intends to justify those exemptions via a *Vaughn* index.

**Plaintiff states the following**:

Plaintiff states that a *Vaughn* index will be required to the extent Defendant withholds responsive records pursuant to FOIA exemptions.

**(6) whether and when either party anticipates filing a dispositive motion**

**Defendant states the following**:

Defendant does not intend to file a dispositive motion at this time; Defendant intends to complete a search for potentially responsive records, process those records (i.e., review potentially relevant records for actual relevancy), and produce or withhold as appropriate based on applicable

[1] See e.g. minute orders in the following cases: *Judicial Watch, Inc. v. U.S. Department of Justice* (D.D.C. 2025), 1:25-cv-03850; *Toensing v. U.S. Department of Justice* (D.D.C. 2024), 1:24-cv-02444; *Bloomberg L.P. v. U.S. Department of State*, (D.D.C. 2023), 1:23-cv-01428; *American Center for Law and Justice v. U.S. Department of State* (D.D.C. 2023), 1:23-cv-00608; *America First Legal Foundation v. Department of Education* (D.D.C 2024), 1:24-cv-01224.

FOIA exemptions. Once search, processing, and production/withholding are complete, Defendant will confer with the Plaintiff to narrow or resolve outstanding areas of disagreement. If those areas or disagreement cannot be resolved, dispositive motions (usually, cross-motions for summary judgment) will be necessary, but the case is not ripe for that yet.

**Plaintiff states the following**:

Plaintiff does not intend to file a dispositive motion at this time. Plaintiff reserves the right to reassess the need for a dispositive motion as the litigation progresses.

**(7) other pertinent issues.**

Defendant has no other issues to raise at this time.

Plaintiff has no other issues to raise at this time.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Lindsay W. Zimliki*
Lindsay W. Zimliki, DC Bar No. 475890
Norman Eisen, DC Bar No. 435051
Zsa'Queria Martin, DC Bar No. 90043047
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, No. 15180
Washington, DC 20003
(202) 594-9958
lindsay@democracydefenders.org
norman@democracydefenders.org
zsaqueria@democracydefenders.org

*Attorneys for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Samuel G. Settle
SAMUEL G. SETTLE
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7705
Email: samuel.settle@usdoj.gov

*Attorneys for the United States of America*

**Appendix: Underlying FOIA Request**

1. All travel authorizations or approvals for the use of government aircraft and any expenses related to the use of such aircraft in connection with Federal Bureau of Investigation (FBI) Director Kash Patel's trip to Italy in February 2026, including his attendance at the 2026 Winter Olympics, including any blanket approval under 41 C.F.R. § 301-10.262 and any authorization or approval for any non-federal traveler to travel with Director Patel.
2. Any itinerary or agenda prepared for Director Patel's official, personal, and political meetings during his February 2026 trip to Italy, including any events held at or during the 2026 Winter Olympics.
3. Any of the following forms prepared by Director Patel, his personal assistant Nicole Rucker, or any other person for or on behalf of Director Patel between Feb. 1-25, 2026:
    a. FD-772 or other form to report foreign travel outside the U.S. by FBI personnel
    b. 2SF-1012 Travel Voucher
    c. GSA Form 3641 Senior Federal Travel Form as submitted to GSA
    d. OPM-71 Request for Leave or Approved Absence
    e. Any other document providing an accounting for Director Patel's official, personal, and political time while attending the 2026 Winter Olympics
4. Any briefing books or advance materials prepared for Director Patel's meetings with any of the following:
    a. Tilman J. Fertitta, US Ambassador to Italy and San Marino
    b. Matthew Whitaker, US Ambassador to NATO
    c. Luca Garavoglia, Italian billionaire businessman, and chairman of the Campari Group, who hosted a dinner attended by Patel, Fertitta, Whitaker, and others on or around Feb. 21, 2026
    d. Mike Sullivan, Coach of men's U.S. Olympic hockey team
5. Any advice, determination, authorization, or opinion concerning the acceptance by Director Patel, directly or indirectly, personally or on behalf of the United States, of any gift from any person in connection with his trip to the 2026 Winter Olympics, including but not limited to:

a. Any advice, determination, authorization, or opinion that a gift does or does not qualify for an exclusion from the definition of a "gift" for purposes of 5 C.F.R. 2635.203(b)
b. Any advice, determination, authorization, or opinion that a gift does or does not qualify for an exception pursuant to 5 C.F.R. 2635.204, including the "widely attended gathering" exception at 5 C.F.R. 2635.204(g)
c. Any advice, determination, authorization, or opinion that a gift is or is not required to be disposed of pursuant to 5 C.F.R. 2635.206
d. Any advice, determination, authorization, or opinion that a gift can or may be accepted pursuant to a statutory gift authorization
e. Any advice, determination, authorization, or opinion concerning the acceptance of non-federal source travel payments pursuant to 31 U.S.C. 1353
f. Any advice, determination, authorization, or opinion concerning the acceptance of gifts pursuant to 5 U.S.C. 7342 or the Foreign Emoluments Clause of the United States Constitution

6. Any records held by the FBI Office of Integrity and Compliance or the DOJ Departmental Ethics Office regarding Director Patel's locker room appearances, consumption of alcohol, or use of official social media in relation to the Olympics.
7. Any authorization for the advancement or reimbursement of transportation, lodging, subsistence, or other travel-related expenses to Director Patel or any private person accompanying Director Patel in connection with his trip to the 2026 Winter Olympics.
8. Any documents or records discussing the amount of reimbursement required to be paid by Director Patel for use of any government aircraft for personal use in connection with his trip to the 2026 Winter Olympics.
9. Any communications to, from, and between Director Patel and any other person concerning his February 2026 trip to Italy, including any communications concerning his attendance at the 2026 Winter Olympics.
10. All direct messages to or from the X accounts @WilliamsonBen or @FBIDirectorKash from February 16-23, 2026
11. Any communications created between Feb. 16-23 to or from Director Patel, his personal assistant Nicole Rucker, FBI Assistant Director for Public Affairs Ben Williamson, or FBI

Office of Congressional Affairs Assistant Director Marshall Yates ("these officials") containing any of the following keywords

a. Italy
b. Tilman
c. Fertitta
d. Whitaker
e. Luca
f. Garavoglia
g. Congress
h. Epstein
i. Olympics
j. Gaudreau
k. Campari
l. Aperol
m. Hockey
n. Milan
o. MSNOW
p. Mamdani
q. Girlfriend
r. Nashville
s. podcast
t. media
u. journalist
v. rag
w. celebration
x. Boondoggle
y. Raskin
z. Durbin
aa. Judiciary
bb. Unity
cc. Sacrifice

dd. Attitude

ee. plane

ff. jet

gg. fly/flight

hh. McCabe

ii. Mueller