UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY DEFENDERS FUND,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>*Defendant*. | Civil Action No. 26-1935 (SLS)<br>Judge Sparkle L. Sooknanan |

**Second Joint Status Report**

Pursuant to the Court's Minute Order on October 8, 2026, Defendant Federal Bureau of Investigation ("FBI" or "Defendant") and Plaintiff Democracy Defenders Fund ("DDF" or "Plaintiff"), file this Joint Status Report in this Freedom of Information Act ("FOIA") case. Per the Court's order, Defendant provides the following results of Defendant's search. Additionally, the parties met and conferred via email on November 18, 20, and 23 regarding the disputes outlined in the September 23, 2026 Joint Status Report, and provide the following responses.

**(1) Status of the Plaintiff's FOIA request**

**Defendant states the following:**

As noted in the Amended Complaint, ¶ 23, Plaintiff submitted a FOIA request for eleven categories of records. The FBI determined that Plaintiff's eleven categories could be consolidated into eight separate FOIA requests for efficient processing.

- **Request No. 1725011-000** (Parts 1 and 2 of the underlying FOIA request, Travel to Italy in February 2026): Search complete; approximately 328 potentially responsive pages found between Parts 1, 2, and 3.

• **Request No. 1726894-000** (Part 3, Forms Prepared by or for Director Patel Regarding Travel and Leave): Search complete; approximately 328 potentially responsive pages found between Parts 1, 2, and 3.

• **Request No. 1726953-000** (Part 4, Briefing Books or Advance Materials Prepared for Director Patel's meetings with Specific People): Search complete; no responsive records were located.

• **Request No. 1726982-000** (Part 5, Ethics Advice, Determinations, and Authorizations regarding Gifts in Connection with Trip to 2026 Winter Olympics): Search complete; no responsive records were located.

• **Request No. 1727123-000** (Part 6, Office of Integrity and Compliance / DOJ Ethics Records Concerning Locker Room Appearance and Official Use of Social Media Relating to the 2026 Winter Olympics): Search complete; no responsive records were located.

• **Request No. 1727145-000** (Parts 7 & 8, Travel Reimbursement for Trip to 2026 Winter Olympics): Search complete; approximately 15 potentially responsive pages were located.

• **Request No. 1727170-000** (Part 9, Communications Regarding February 2026 Trip to Italy): Search complete; approximately 22 potentially responsive pages were located.

• **Request No. 1727418-000** (Part 11, Communications Between Director Patel and Specific Individuals): Search complete; approximately 2,117 potentially responsive pages were located.

Regarding Part 10 (Direct messages to/from X accounts @WilliamsonBen or @FBIDirectorKash from Feb. 16-23, 2026), Defendant denies that this is a proper FOIA request. Defendant asserts that these accounts are personal/private X.com accounts rather than official FBI channels; any responsive records reside on private servers outside the agency's custody or control and are not agency records subject to FOIA.

**(2) Current Status of Disputed Issues as Stated in the September 23, 2026 JSR:**

In the September 23, 2026 Joint Status Report (ECF No. 16), the Parties were unable to reach agreement on the issues listed below. The parties provide the results of their meet and confer, as follows:

**a) Administrative Reorganization of the FOIA requests:** In the September 23 JSR, Plaintiff stated it did not object to the FBI's consolidation of its original eleven categories of records into eight revised categories, provided that the FBI confirm that (a) the revised categories encompass the entirety of the records requested in each of the original categories and (b) the FBI conducts searches reasonably calculated to locate all responsive records. ECF No. 16 at 2-3.

**Defendant states:** FBI confirms that the revised categories encompass the entirety of the original requests and that it is conducting searches reasonably calculated to locate all responsive records, representing that the reorganization is intended solely to promote search efficiency.

**Plaintiff states**: Plaintiff acknowledges FBI's response.

**b) No Responsive Records Determinations:** In the September 23 JSR, the FBI stated that it had completed searches, but found no responsive records for: **Request No. 1726953-000** (Part 4, Briefing Books or Advance Materials Prepared for Director Patel's meetings with Specific People; **Request No. 1726982-000** (Part 5, Ethics Advice, Determinations, and Authorizations regarding Gifts in Connection with Trip to 2026 Winter Olympics); and **Request No. 1727123-000** (Part 6, Office of Integrity and Compliance / DOJ Ethics Records Concerning Locker Room Appearance and Official Use of Social Media Relating to the 2026 Winter Olympic). ECF No. 16 at 2.

**Defendant states**: FBI stands by its no-records determination.

**Plaintiff states:** Plaintiff continues to dispute the agency's "no records" determination and preserves the right to challenge this determination in future motions.

**c) Processing Rates.** In the September 23 JSR, Plaintiff noted that its initial February 27, 2026 FOIA request included a request for expedited processing and proposed that Defendant agree to process records at a rate of 500 pages per month. ECF 16 at 6.

**Defendant states**: The FBI processes records at a rate of 250 pages per month pursuant to its FOIA Interim Release Policy, described further below. If Plaintiff seeks a different processing rate, that should come only pursuant to a motion, which the FBI will oppose. As a Status Report is not an appropriate vehicle to litigate this issue, Defendant FBI will leave it at that while noting that it is not waiving or conceding responses to any of Plaintiff's arguments below.

**Plaintiff states**: Plaintiff disputes the FBI's position. Moreover, Defendant relies on a non-public interim policy that has reduced the FBI's prior processing rate of 500 pages per month by half, without explanation or justification. Notably, in a 2024 declaration submitted in *Trentadue v. FBI*, the FBI itself described its interim release policy as processing records in 500-page increments per month, explained the rationale supporting that rate, and represented that a 500-page-per-month rate was appropriate. *Declaration of Michael G. Seidel, Trentadue v. FBI*, No. 2:24-cv-00105-AMA-DAO, ECF No. 18-1, at 17–22 (D. Utah July 9, 2024). Plaintiff maintains that the FBI should process records at a rate of 500 pages per month. Significantly, even that proposed rate was rejected by the District of Utah as too slow and insufficiently justified.

Here, the FBI has even less justification for seeking to process records at half that rate here. Moreover, the justifications offered in *Trentadue* for the FBI's processing rate—including the need to review sensitive investigative files on classified, air-gapped computers using physical CD-ROM

discs to protect agency secrets—have no apparent application to the records at issue in this case. Nor should the FBI be permitted to delay production by allowing the Director's Office to personally review responsive records and determine what information it is willing to disclose. Such personal review raises serious concerns about the Director's Office improperly inserting itself into the FOIA review and disclosure process. Plaintiff therefore maintains that the FBI should process records at a rate of at least 500 pages per month. Plaintiff further maintains that courts routinely establish production schedules, processing rates, and deadlines in FOIA cases without requiring parties to file separate motions for these routine matters.

**d) X Accounts:** In the September 23 JSR the parties disputed whether the direct messages to/from the X accounts titled @WilliamsonBen and @FBIDirectorKash constitute agency records subject to FOIA. ECF No. 16 at 2-3.

**Defendant states:** Regarding Part 10 (Direct messages to/from X accounts @WilliamsonBen or @FBIDirectorKash from Feb. 16–23, 2026), Defendant denies that this is a proper FOIA request. Defendant maintains that these accounts are personal/private X.com accounts rather than official FBI channels; any responsive records reside on private servers outside the agency's custody or control and are not agency records subject to FOIA. Any request for an order from the Court should be made only via motion, not Status Report, where the FBI will have an opportunity to oppose.

**Plaintiff states:** For the reasons stated in the September 23 JSR, Plaintiff disagrees with Defendants' position that direct messages to and from the X.com accounts @WilliamsonBen and @FBIDirectorKash between February 16 and February 23, 2026, are not agency records subject to FOIA. Plaintiff maintains that the accounts are used for official FBI business, and both accounts

are regularly used to disseminate agency business to the public. *See* ECF No. 16 at 3–4. Defendants' unwillingness to negotiate the treatment of the X account communications, impacts Plaintiff's ability to assess the scope and adequacy of subsequent searches and whether those searches will locate all records responsive to Plaintiff's requests. Plaintiff maintains that records contained in these accounts constitute agency records subject to FOIA.

To ensure the records are not removed from FBI custody, Plaintiff requests the Court order FBI to preserve these materials while the parties confer on a schedule for partial summary judgment on this issue in the next reporting period.

**(3) Anticipated number of records responsive to the Plaintiff's FOIA request**

**Defendant states the following**:

To date, Defendant has completed searches and has scoped the results for responsiveness. Defendant has identified a total of 1,429 pages responsive to Plaintiff's FOIA request.

**Plaintiff states the following:**

Plaintiff acknowledges that Defendant initially identified 2,482 potentially responsive pages of records and now identifies 1,429 pages responsive to Plaintiff's FOIA request once it scoped the results of its searches for responsiveness. Plaintiff disputes Defendant's no responsive records determinations as noted above.

**(4) Anticipated date (month and year) for the release of the requested documents**

**Defendant states the following:**

Defendant expects to make the first release of documents to Plaintiff on January 15, 2027, with rolling productions thereafter at a rate of 250 pages per month, which aligns with the FBI's

standard interim release policy ("IRP") that it instituted in July 2024. Defendant notes that all potentially responsive records require review by the Director's Office and relevant subject matter experts, which require additional lead time to accommodate operational schedules. . The FBI takes seriously its obligations under the FOIA, and the standard IRP is designed to enable the FBI to equitably respond to all requesters as quickly as possible. Operationally, the FBI has one of the largest and most complex FOIPA programs in the federal government, reviewing approximately 1.3 million pages annually for dissemination to the public. Release of documents is not simply a function of identifying potentially responsive documents; the review and processing of these documents—*e.g.* to determine responsiveness, to evaluate and redact information exempt from disclosure, to consult subject matter experts to identify other government agencies' equities, and consult or refer documents to other stakeholders if necessary—is a complex and time-consuming undertaking. The processing schedule provides for the steady release of each requester's documents in a fair and equitable way, to ensure the right of access for all FOIA requesters. Defendant notes Plaintiff's original request for expedited processing pursuant to 28 C.F.R. §16.5(e)(1)(ii) and (iv) was denied, as Plaintiff did not provide enough information concerning the statutory requirement for expedition.

Furthermore, Defendants note that a "request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The purpose of a Status Report is to apprise the Court of progress in this litigation; Status Reports are not a substitute for requesting relief by motion. To the extent Plaintiff's Section contains requests for orders from the Court or other relief, these should be denied as not having been made by motion; if Plaintiff seeks orders from the Court, Plaintiff should file motions, which Defendant will then have a fair opportunity to oppose.

**Plaintiff states the following:**

As set forth in its prior submission, Plaintiff requested expedited processing because there is a strong urgency to inform the public about Director Patel's use of taxpayer funds to travel to Italy in February 2026 to attend the Olympics. That urgency persists. Defendant has not produced a single record in over nine months. In the September 23 status report, Defendant stated that December 31, 2026, is the earliest date on which it can make an initial production. Defendant has now completed scoping of its initial searches; thus it is unclear why it cannot still meet the December 31, 2026 deadline for initial production, as it previously committed it would. Defendant should make its initial production by December 31, 2026. Further, Defendant should, as it states it will, propose a production schedule in the next status report. This schedule should complete the remainder of the production within the next 6 months, given the important and time nature of the information. If Defendants cannot complete the production within this time frame, Plaintiff will move for partial summary judgment to establish a schedule for the rest of the case. Plaintiff maintains that courts routinely establish production schedules, processing rates, and deadlines in FOIA cases without requiring parties to file separate motions for these routine matters.

## Conclusion

If the Court is amenable, the Parties have agreed to file the next Status Report on or by January 15, 2027.

Dated: November 25, 2026 Respectfully submitted,

| | |
|---|---|
| Ginger McCall, DC Bar # 1001104<br>Kevin H. Bell, DC Bar # 90015600<br>Ginger@freeinformationgroup.com<br>Kevin@freeinformationgroup.com<br>Free Information Group, PLLC<br>1100 13th St. NW, Ste. 800<br>Washington, DC 20005<br>(202) 946-3642 | /s/ *Lindsay W. Zimliki*<br>Lindsay W. Zimliki, DC Bar No. 475890<br>Norman Eisen, DC Bar No. 435051<br>Zsa'Queria Martin, DC Bar No. 90043047<br>DEMOCRACY DEFENDERS FUND<br>600 Pennsylvania Avenue SE, No. 15180<br>Washington, DC 20003<br>(202) 594-9958<br>lindsay@democracydefenders.org<br>norman@democracydefenders.org<br>zsaqueria@democracydefenders.org<br><br>*Attorneys for Plaintiff* |

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Samuel G. Settle
SAMUEL G. SETTLE
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7705
Email: samuel.settle@usdoj.gov

*Attorneys for the United States of America*